IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LYNDON PORTER, Individually, and on behalf of all others similarly situated under 29 USC 216(b)**<br><br>*Plaintiffs,*<br><br>v.<br><br>**SPECIALTY RESCUE & FIRE SERVICE, LLC**<br><br>*Defendant.* | Civil No. 3:18-cv-2584 |

## COLLECTIVE ACTION COMPLAINT

Lyndon Porter, ("Plaintiff") on behalf of himself and all others similarly situated individuals, upon personal knowledge as to himself, and upon information and belief as to other matters, brings suit against Specialty Rescue & Fire Service, LLC ("Defendant" or "SRFS") to recover unpaid minimum wage and overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 – 219 ("FLSA").

### I. INTRODUCTORY STATEMENT

1. Congress passed the FLSA in 1938 in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The FLSA seeks to achieve these goals by providing a minimum wage, the prohibition of more than forty (40) hours in a single workweek without the payment of a premium or "overtime," as well as other protections for

1

employees. The FLSA did not prohibit overtime, but rather, by imposing a premium rate for overtime, the FLSA discouraged working employees for longer than forty (40) hours in a single workweek. *See Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 577-78 (1942).

2. Defendant classifies Plaintiff and Class Members as nonexempt, hourly employees. Therefore, Plaintiff and Class Members are not exempt from the overtime or minimum wage provisions of the FLSA, which is further supported by Defendant's own classification of Plaintiff and Class Members as hourly, nonexempt.

3. Plaintiff and Class Members regularly worked in excess of forty (40) hours per workweek.

4. However, Defendant knowingly and deliberately failed to compensate Plaintiff and Class Members for the hours Plaintiff and Class Members for all hours worked, including the time Plaintiff and Class Members spent traveling in vehicles to worksites across the United States. Defendant's failure to compensate Plaintiff and Class Members for all hours worked is a violation of the FLSA's minimum wage and overtime provisions. *See* 29 U.S.C. §§ 206, 207.

5. Due to Defendant's failure to compensate Plaintiff and Class Members for all hours worked (including travel time), Defendant violated the FLSA by failing to pay Plaintiff and Class Members an overtime premium when they worked more than forty (40) hours in a workweek and by failing to pay at least minimum wage for all hours worked in a workweek.

6. Since Plaintiff and Class Members routinely worked in excess of forty

(40) hours per week, many of the hours Defendant failed to compensate them for would have added to Plaintiff and Class Members' overtime hours.

7. Accordingly, Plaintiff and Class Members bring this collective action to recover all unpaid minimum wage and overtime, liquidated damages, attorneys' fees, and costs as provided for in Section 216(b) of the FLSA.

8. Plaintiff also prays that all similarly situated workers (defined below) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.   PARTIES

9. Plaintiff, Lyndon Porter, is an individual, who was employed by Defendant within the three (3) year period preceding the filing of this lawsuit. Mr. Porter's consent is attached to this Complaint as "*Exhibit A*."

10. Class Members all current and former Certified Confined Space Technicians who were employed by Specialty Rescue & Fire Service, LLC at any time within the three (3) year period preceding the filing of this lawsuit ("Class Members").

11. Defendant Specialty Rescue & Fire Service, LLC is a Texas limited liability company. Specialty Rescue & Fire Service, LLC can be served with process by serving its registered agent, Chad F. Tye, 6319 FM 916 E. Grandview, TX 76050, or wherever he may be found.

## III.   JURISDICTION AND VENUE

12. This Court has federal question jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. 216(b) and

28 U.S.C. §§ 1331, 1337.

13. This Court has personal jurisdiction over Defendant because Defendant is headquartered in Texas and employing Texas residents (including Plaintiff) to work at Defendant's Texas business locations.

14. Pursuant to 28 U.S.C. § 1391(b) venue is proper in the Northern District because Defendant's registered office is in Johnson County, Texas and is a resident of Johnson County, which is located within this District and Division.

### IV.  FLSA Coverage

15. At all times mentioned, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

16. At all times mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level, which are separately stated).

19. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993).

20. Specifically, Plaintiff and Class Members are (or were) non-exempt employees who provided services to Defendant's in-state and out-of-state customers. Further, Plaintiff and Class Members have handled materials and goods that have been moved or produced in interstate commerce, which Defendant purchased or used in its business operation.

## V. FACTS

21. At all times hereinafter mentioned, Plaintiff and Class Members were employees of Defendant as that term is defined by the FLSA.

22. Upon information and belief, Defendant had gross receipts in excess of $500,000 (exclusive of excise tax) for the year 2015.

23. Upon information and belief, Defendant had gross receipts in excess of $500,000 (exclusive of excise tax) for the year 2016.

24. Upon information and belief, Defendant had gross receipts in excess of $500,000 (exclusive of excise tax) for the year 2017.

25. Upon information and belief, Defendant had gross receipts in excess of $500,000 (exclusive of excise tax), cumulatively, encompassing the four (4) quarters preceding the filing of this lawsuit.

26. The primary function of Defendant's business is Emergency Response

training, Consulting and Equipment service, to include servicing confined space equipment, such as silos.

27. Defendant employed Plaintiff and Class Members as Certified Confined Space Technicians. As employees of Defendant, Plaintiff and Class Members provided onsite services to Defendant's clients including vacuuming, cleaning, and otherwise servicing grain silos.

28. At all times during their employment, Plaintiff and Class Members, conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Defendant.

29. Plaintiff and the Putative Class Members' daily and weekly activities are routine and largely governed by standardized plans, procedures, and checklists created by Defendant.

30. Virtually every job function is pre-determined by Defendant, including the tools to use at a job site, the schedule of work, and related work duties.

31. Moreover, Plaintiff and Class Members' job functions are primarily routine and manual in nature.

32. Indeed, Plaintiff and Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform the tasks assigned by Defendant.

33. Plaintiff and Class Members' duties did not include managerial responsibilities or the exercise of independent discretion or judgment.

34. Plaintiff and Class Members did not have the authority to hire or fire

other employees, and they are not responsible for making hiring or firing recommendations.

35. Defendant employed Plaintiff and Class Members for hours longer than forty (40) hours in a workweek.

36. Plaintiff and Class Members regularly worked in excess of forty (40) hours per workweek.

37. However, Defendant knowingly and deliberately failed to compensate Plaintiff and Class Members for the hours Plaintiff and Class Members for all hours worked, including the time Plaintiff and Class Members spent traveling in vehicles to worksites across the United States. Defendant's failure to compensate Plaintiff and Class Members for all hours worked is a violation of the FLSA's minimum wage and overtime provisions. *See* 29 U.S.C. §§ 206, 207.

38. Plaintiff and Class Members regularly traveled in a 2500 Chevrolet pickup truck to worksites across the United States. Plaintiff and Class Members spent as many as thirty (30) hours in a week traveling to various worksites as instructed by Defendant. However, Defendant did not compensate Plaintiff and Class Members for any travel time – including the time spent traveling to, from, and between each worksite. In each workweek that Plaintiff worked for Defendant, Plaintiff and Class Members were not compensated for their travel time.

39. Due to Defendant's failure to compensate Plaintiff and Class Members for all hours worked (including travel time), Defendant violated the FLSA by failing to pay Plaintiff and Class Members at one-and-one-half times their regular rate when

they worked more than forty (40) hours in a workweek and by failing to pay at least minimum wage for all hours worked in a workweek.

40. During the three-year period prior to this suit, Defendant has employed individuals who performed similar job duties under a similar payment scheme as used to compensate Plaintiff.

41. Defendant employed Plaintiff and Class Members within the three (3) year period preceding the filing of this lawsuit and failed to pay Plaintiff and Class Members for time spent traveling in violation of the FLSA's minimum wage and overtime provisions.

42. Defendant's method of paying Plaintiff and Class Members in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

43. Defendant's method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on good-faith and reasonable belief that its conduct complied with the FLSA. A three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

44. Defendant is an employer subject to the provisions of the FLSA and therefore violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendant failed to maintain

a weekly record of hours worked, failed to record overtime hours, i.e., hours worked more than forty hours in a workweek, and failed to record the correct overtime rate of pay for such hours.

45. During the three-year period prior to this suit, Defendants have employed individuals who performed similar job duties under a similar payment scheme as was used to compensate Plaintiff.

## VI.  COLLECTIVE ACTION ALLEGATIONS

46. The foregoing paragraphs are incorporated herein as if set forth in full.

47. Plaintiff (the "Collective Action Representative") bring this FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiff, Plaintiff bring this action as a representative of all similarly-situated former and current employees of Defendant. The proposed collective of similarly situated employees ("Class Members") sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All current and former Certified Confined Space Technicians who were employed by Specialty Rescue & Fire Service, LLC at any time within the three (3) year period preceding the filing of this lawsuit.**

48. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

49. Plaintiff on behalf of himself and all others similarly-situated, seeks relief on a collective basis challenging, among other FLSA violations, the following: Defendant's failure to pay Plaintiff and Class Members in accordance with the FLSA's

overtime and minimum wage requirements.

50. Plaintiff is aware of other employees who work for Defendant who were paid in the same unlawful manner as Plaintiff. Plaintiff is aware that the illegal practices or policies of Defendant have been uniformly imposed on Plaintiff and the Class Members.

51. Plaintiff and Class Members have the same pay structure, have similar job duties, are subject to the employment policies (including compensation policies), and are not compensated for the time spent traveling to worksites. Plaintiff and Class Members are all victims of Defendant's unlawful practices.

52. Plaintiff and the Class Members are all nonexempt for purposes of overtime and minimum wage under the FLSA.

53. Defendant's failure to pay overtime and minimum wage in accordance with the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members. Plaintiff's experience regarding pay and Defendant's compensation policies is typical of the experiences of the Class Members.

54. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts. Specifically, Defendant's systematic course of wrongful conduct caused harm to Plaintiff and the Class Members that supports Defendant's FLSA liability.

VII. **CAUSE OF ACTION NO. 1: DEFENDANT FAILED TO PAY PLAINTIFF AND CLASS**

**MEMBERS OVERTIME AS REQUIRED BY THE FLSA.**

55. The foregoing paragraphs are fully incorporated herein.

56. Plaintiff and Class Members are all nonexempt from the FLSA's overtime requirements.

57. During the relevant period, Defendant has violated and is violating the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, 215(a)(2), by employing Plaintiff and Class Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, and failing to pay such employees at a rate of not less than one and one-half times the regular rate for every hour worked over forty (40) in a workweek. Plaintiff and Class Members' regular rate must include all compensation, bonuses, and other remuneration paid by Defendant for purposes of calculating the overtime rate. *See* 29 C.F.R. 778.208.

58. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime rate are applicable to Defendant, Plaintiff, or Class Members.

**VIII. CAUSE OF ACTION NO. 2: DEFENDANT FAILED TO PAY PLAINTIFF AND CLASS MEMBERS MINIMUM WAGE AS REQUIRED BY THE FLSA.**

59. The foregoing paragraphs are fully incorporated herein.

60. Plaintiff and Class Members are all nonexempt from the FLSA's minimum wage requirements.

61. During the relevant period, Defendant has violated and is violating the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, 215(a)(2), by employing Plaintiff

and Class Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, and failing to pay such employees at a rate of not less than minimum wage of $7.25 for every hour worked.

62. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendant, Plaintiff, or Class Members.

### IX. JURY DEMAND

63. Plaintiff' request a trial by jury.

### X. DAMAGES SOUGHT

64. Plaintiff and Class Members are entitled to recover compensation for the hours worked over forty (40) in a workweek, but for which Plaintiff and Class Members were not paid at one-and-one-half times their regular rate. The regular rate shall include all remuneration received.

65. Plaintiff and Class Members are entitled to recover compensation for the hours worked in each workweek, but for which Plaintiff and Class Members were not at least minimum wage.

66. Plaintiff and Class Members are also entitled to an amount equal to all of the unpaid overtime and minimum wages and fees as liquidated damages as Defendant's actions were not based upon good-faith. *See* 29 U.S.C. § 216(b).

67. Plaintiff and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

### XI. PRAYER

68. For the foregoing reasons, Plaintiff and Class Members respectfully request that judgement be entered in their favor, against Defendant, awarding Plaintiff and Class Members the following relief:

a. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Class;

c. An Order pursuant to Section 216(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join in the suit);

d. An order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

e. An order awarding Plaintiff (and those who may join in the suit) attorneys' fees and costs as provided by law;

f. An order awarding Plaintiff (and those who may join in the suit) the costs of this action;

g. A judgment in favor of Plaintiff (and those who may join in the suit) for all penalties and liquidated damages allowed by law; and

h. An order granting such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com
Pamela G. Herrmann
Texas Bar No. 24104030
pamela@herrmannlaw.com

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, Texas 76102
Phone: 817-479-9229
Fax: 817-887-1878

ATTORNEYS FOR PLAINTIFF
AND CLASS MEMBERS