UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYNDON PORTER, Individually, and on behalf of all others similarly situated under 29 USC 216(b), | ) ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO.<br><br>3:18-CV-2584-G |
| VS. | ) ) | |
| SPECIALTY RESCUE & FIRE SERVICE, LLC, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's unopposed motion for conditional certification of collective action and judicially-supervised notice under Section 216(b) and brief in support ("Motion for Conditional Certification") (docket entry 12) of the plaintiff Lyndon Porter ("Porter") and members of a putative class under 29 U.S.C. § 216(b). Porter seeks conditional certification as a collective action, disclosure by the defendant Specialty Rescue and Fire Service, LLC ("Specialty Rescue") of contact information for the putative class, and notice of this litigation to all potential members of the putative class. Motion for Conditional Certification at 2. For the reasons stated below, the plaintiff's motion is **GRANTED**.

I. BACKGROUND

A. Factual Background

Specialty Rescue is a Texas-based emergency response training, consulting, and equipment service. Collective Action Complaint (docket entry 1) ¶¶ 13, 26. Specialty Rescue employed the plaintiff Porter, a Texas resident, as a certified confined space technician to service confined space equipment, such as silos. *Id.* ¶¶ 26-27. Porter and other confined space technicians provided onsite services, such as vacuuming, cleaning, and otherwise servicing grain silos, to Specialty Rescue's clients. *Id.* ¶ 27. In fulfilling their duties, Porter and the other technicians traveled to worksites across the United States. *Id.* ¶ 38. Porter alleges that he and other technicians traveled up to thirty hours a week. *Id.* According to Porter, Specialty Rescue never compensated him or the other technicians for their travel time. *Id.*

B. Procedural Background

On September 27, 2018, Porter brought this Fair Labor Standards Act ("FLSA") collective action suit against his employer, Specialty Rescue. *See generally id.* Porter alleges that Specialty Rescue failed to pay him and other similarly situated employees at least minimum wage for all hours worked in a workweek. *Id.* ¶ 5. Porter also claims that Specialty Rescue did not pay an overtime premium for all hours worked over forty per week. *Id.* According to Porter, Specialty Rescue instructed Porter and the members of the putative class to travel to various worksites,

but failed to compensate Porter and the members of the putative class for their time spent traveling to, from, and between each worksite. *Id.* ¶¶ 37, 41; Motion for Conditional Certification at 2. Porter contends that Specialty Rescue's actions violated the FLSA's minimum wage and overtime provisions, entitling Porter and members of the putative class to recover all unpaid compensation. Complaint ¶¶ 41, 64-65. Porter and members of the putative class also seek liquidated damages in an amount equal to all of the unpaid overtime and minimum wages and fees due to Specialty Rescue's alleged lack of good faith in withholding payment. *Id.* ¶ 66. Finally, the plaintiffs request attorneys' fees and costs pursuant to 29 U.S.C. § 216(b). *Id.* ¶ 67.

The defendant, Specialty Rescue, filed its answer on November 16, 2018, denying the majority of Porter's allegations. *See generally* Specialty Rescue & Fire Service, LLC's Original Answer to Plaintiff's Collective Action Complaint (docket entry 7). Pursuant to the court order filed on November 20, 2018, the parties met on December 3, 2018, and filed a joint status report on December 12, 2018. *See generally* Joint Status Report (docket entry 10). Porter then filed the present unopposed motion for conditional certification on January 11, 2019, for himself and on behalf of the putative class.[1] *See generally* Motion for Conditional Certification.

---

[1] The defendant Specialty Rescue does not oppose the motion at this time, but reserves the legal right to seek decertification and oppose certification in the
(continued...)

## II. ANALYSIS

### A. The Legal Standard

Congress enacted the FLSA to provide each covered employee with "[a] fair day's pay for a fair day's work," and to protect them from "the evil of overwork as well as underpay." *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 333 (5th Cir. 2017) (quoting *Barrentine v. Arkansas-Best Freight Systems, Inc.*, 450 U.S. 728, 739 (1981)) (internal quotation marks omitted). The FLSA mandates that covered employers pay wages to their employees of at least $7.25 an hour. 29 U.S.C. § 206(a)(1)(C). The statute also mandates that covered employers not utilize employees "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

One provision of the FLSA, 29 U.S.C. § 216(b), provides that "[a]n action to recover the liability prescribed in [§ 216(b)] may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike Rule 23 of the Federal Rules of Civil Procedure, a collective action maintained under the FLSA is pursued as an opt-in class. *Compare* 29 U.S.C. § 216(b) ("No employee shall be a

---

[1](...continued)
future if information obtained during discovery shows that class certification is inappropriate. Motion for Conditional Certification at 1, n. 1.

party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."), with Fed. R. Civ. P. 23(c)(2)(B) (requiring that the notice to class members include a statement "that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded"); see also *Lachapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) ("Rule 23(c) provides for 'opt out' class actions. [The] FLSA . . . allows as class members only those who 'opt in.'"). Collective actions under the FLSA are generally favored because such actions reduce litigation costs for the individual plaintiffs and create judicial efficiency by resolving in one proceeding "common issues of law and fact arising from the same alleged . . . activity." See *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

The Fifth Circuit has previously recognized two methods by which certification of an FLSA class can be approved. See *Mooney v. Aramco Services Company*, 54 F.3d 1207, 1213-14 (5th Cir. 1996), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). The first approach requires a class certification process similar to that of Rule 23. See *id.* at 1214; *Shushan v. University of Colorado at Boulder*, 132 F.R.D. 263, 266-67 (D. Colo. 1990). Under this approach, class certification under the FLSA is identical to certification of a Rule 23 class. See *Shushan*, 132 F.R.D. at 266-67. That is, to certify a FLSA class the plaintiff must

establish numerosity, commonality, typicality, and representativeness.  *See* Fed. R. Civ. P. 23(a).  Importantly, the Rule 23 approach places the burden on the plaintiff to establish that the potential class members are "similarly situated" under the language of § 216(b) prior to notice being sent to the potential class members.

The second approach recognized by the Fifth Circuit has come to be known as the two-stage certification process.  See *Mooney*, 54 F.3d at 1213.  This approach satisfies the "similarly situated" requirement of § 216(b) with a two-stage analysis: (1) the notice stage; and (2) the certification stage.  See *id.* at 1213-14.  At the notice stage, the inquiry by the court is considerably less rigorous than the court's initial inquiry under the Rule 23 approach.  See *id.* at 1214 ("[T]his determination is made using a fairly lenient standard . . ."); see also *Zachary v. Cobalt Mortgage, Inc.*, No. 4:16-CV-0754, 2017 WL 1079374, at *2 (E.D. Tex. Mar. 22, 2017) ("Because the Court has minimal evidence before it at [the notice] stage, the determination is made using a fairly lenient standard requiring nothing more than substantial allegations that the putative class members were victims of a single decision, policy or plan.") (internal quotation marks and citation omitted).  "[T]he district court makes a decision—usually based only on the pleadings and affidavits which have been submitted—whether notice should be given to potential class members." *Id.* at 1213-14.  If the court allows for notification, the court typically creates conditional

certification of a representative class and allows notice to be sent to potential opt in plaintiffs. *Id.* at 1214.

At the second stage of the two-stage process, the court determines whether the class should be maintained through trial. Typically, the second stage is precipitated by a motion to decertify by the defendants, which is usually not filed until discovery is largely complete. *Id.* By engaging in the two-stage approach, as opposed to the Rule 23 approach, "the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Id.* Should the court at this stage choose to decertify the class, the opt-in class members are dismissed from the suit without prejudice and the case proceeds only for the class representatives in their individual capacity. *Id.*

This court has previously decided to adopt the two-stage approach for FLSA collective actions. *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 824 (N.D. Tex. 2007) (Fish, Chief J.) ("Based on the Fifth Circuit precedent in *Mooney* and the history within this district regarding FLSA class certifications, the court adopts the two-stage approach."). Because the court still prefers the two-stage approach, and because it appears that many Texas district courts continue to utilize it, the court adopts the two-stage approach in this case. See, e.g., *Viveros v. Flexxray LLC*, No. 4:15-CV-0343-O, 2015 WL 12916414, at *2 (N.D. Tex. May 8, 2015) (O'Connor,

J.) (recognizing that the majority of federal courts, including those in the Northern District of Texas, have adopted the two-stage approach).

This case is presently at the notice stage and thus the only question before the court is whether the plaintiff has produced substantial allegations that there are other potential class members "similarly situated" with respect to their job requirements and compensation provisions. See *Ryan*, 497 F. Supp. 2d at 824-25; see also *Flores v. Act Event Services, Inc.*, 55 F. Supp. 3d 928, 934 (N.D. Tex. 2014) (Fish, Senior J.) ("[R]eceiving conditional certification requires plaintiffs to 'produce evidence which allows the Court to conclude that a reasonable basis exists for finding that there are other similarly situated employees who wish to opt-in to the action.'") (quoting *Dyer v. Lara's Trucks, Inc.*, No. 1:12-CV-1785-TWT, 2013 WL 609307, at *3 (N.D. Ga. Feb. 19, 2013)).

For the class representative to be considered similarly situated to the potential opt-in class members, the class representative must be similarly situated in terms of job requirements and similarly situated in terms of payment provisions. See *Dybach v. State of Florida Department of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir.1991). "The positions need not be identical, but similar." *Barnett v. Countrywide Credit Industries, Inc.*, No. 3:01-CV-1182-M, 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002) (Lynn, J.) (quoting *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994)). The "similarly situated" requirement of § 216(b) is less stringent than

the "similarly situated" requirement of Federal Rules of Civil Procedure 20 and 42. See *Grayson v. K Mart Corporation*, 79 F.3d 1086, 1096 (11th Cir.), *cert. denied*, 519 U.S. 982 (1992). "A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Donohue v. Francis Services, Inc.*, Civ. A. No. 041-170, 2004 WL 1161366, at *1 (E.D. La. May 24, 2004) (quoting *Whitworth v. Chiles Offshore Corporation*, Civ. A. No. 92-1504, 1992 WL 235907, at *1 (E.D. La. Sept. 2, 1992)).

B.  Application

In this case, Porter has proposed, without opposition from Specialty Rescue, the following group for conditional certification:

> All current and former hourly paid employees who work or worked for Specialty Rescue & Fire Service, LLC as silo laborers or confined space service rail hourly employees and were not paid for travel time to and from Defendant's client worksites during the three-years preceding the filing of this lawsuit through the final disposition of this matter.

Motion for Conditional Certification at 2. Porter avers that the members of the putative class have (or had) the same essential job duties of providing onsite services to the defendant's clients, such as vacuuming, cleaning, and otherwise servicing grain silos. Complaint ¶ 27. To further show that the members of the putative class are similarly situated, Porter contends that the members of the putative class did not have any managerial authority or discretion, but instead conducted their work

activities pursuant to routine, standardized procedures instituted by Specialty Rescue.  *Id*. ¶¶ 28-34.

In addition to having similar job duties, Porter alleges that the members of the putative class are all subject to the same pay structure and employment policies, including compensation policies.  *Id.* ¶ 51.  Porter further claims that the defendant classifies Porter and the members of the putative class as non-exempt, hourly employees, yet they were consistently not paid for hours spent in transit.  *Id.* ¶¶ 2, 4; Motion for Conditional Certification at 2.

After due consideration, the court concludes that Porter has met the lenient burden of establishing, at stage one, that he and the potential class members are similarly situated in terms of job requirements and compensation.[2]  Cf. *Hlavaty v. Integrated Production Services, Inc.*, SA-16-CA-949-RP, 2017 WL 2999711, at *3-*4 (W.D. Tex. June 7, 2017) (allowing conditional certification for a class of hourly oilfield workers who performed similar job duties, such as maintaining and operating equipment used at oilfield well sites, and who worked similar hours at all oilfield locations); *Ryan*, 497 F.Supp.2d at 822-23, 825 (finding that the plaintiffs had met the burden of establishing that they were similarly situated to potential class

---

[2] The court is somewhat troubled by the lack of evidentiary support for the plaintiff's allegations.  Nonetheless, due to the unopposed nature of the present motion, the facts pled by the plaintiff are sufficient to meet the lenient burden for allowing conditional certification at this time.

members when the plaintiffs sought certification of a class of sales consultants, marketing consultants, and recruiting consultants that all performed the same basic tasks at healthcare staffing companies that allegedly had a policy of not giving the putative class members overtime pay). Porter has also successfully pled that the potential class members, who all travel and work in the same area of worksites, are (or were) subject to a common policy or plan. Specifically, Porter alleges that the class members were not only subject to Specialty Rescue's direct control over their work schedules and duties, but also the company's "typical" practice of withholding employees' pay for travel time to, from, and between worksites. Complaint ¶¶ 2, 4, 28-34, 37, 41, 45, 51, 53, 57, 61; see *Hlavaty*, 2017 WL 2999711 at *4 (finding that similarity among job duties and compensation showed that the putative class members were subject to a common policy or plan). Accordingly, the court conditionally certifies a class consisting of the following individuals:

> All current and former hourly paid employees who work or worked for Specialty Rescue & Fire Service, LLC as silo laborers or confined space service rail hourly employees and were not paid for travel time to and from Defendant's client worksites during the three-years preceding the filing of this lawsuit through the final disposition of this matter.

Motion for Conditional Certification at 2. The defendant will have an opportunity to renew many of its arguments and challenge the propriety of maintaining the class through trial at stage two—after the discovery process—through a motion to

decertify. At that stage, with more facts in hand, the court will be in a better position to conduct a more searching inquiry.

## III.  CONCLUSION

For the reasons set forth above, plaintiff's unopposed motion for conditional certification of collective action and judicially-supervised notice under Section 216(b) is **GRANTED**.

**SO ORDERED.**

March 27, 2019.

_____
**A. JOE FISH**
**Senior United States District Judge**